The opinion of the court, (Huston, J., taking no part,) was delivered by
Gibson, C. J.
Actual fraud cannot be pretended, for I think it clear the advice given, was perfectly correct. A chancellor would raise the legacies out of the land in the hands of Mr. Dobbins or any one claiming under him. He was not an object of the testa; tor’s bounty, but a purchaser for value, and we are not to suppose the testator intended to part with the land as a security. Mr. Stevens was therefore altogether accurate in advising that the legacies were a charge on the land.. The question then is, whether a counsel who has been consulted about a title which is going to be sold on an execution, is to be excluded from becoming a purchaser. I cannot discern the policy of the rule which should disqualify him. A.trustee may not purchase at his own sale, because,being both buyer and seller, he would have it in his power to purchase at his own price; and as his motives could rarely be penetrated, the facility with which he might accomplish a fraudulent purpose, at but little risk of detection, would offer a temptation which ought not to be cast in the way of any one. In such a case as the present, there can be no such temptation. If the counsel were to advise erroneously, it would be easy to show it; .and any other sort of management or trick might^be made apparent as readily when practised by a counsel as by any one else. If no one has been injured by advice which it was proper for the counsel to give, and for the client to receive, who shall complain? I will not say that a counsel, or any one else who has purchased at an under price in consequence of erroneous advice to those who would otherwise have bid, ought to retain an advantage thus obtained. Such a loss ought not perhaps to be borne by an innocent party in favour of him whose act occasioned it. But here was neither loss nor injury. If Mr. Stevens had refused his opinion, other counsel might have been consulted, who, it is fair to presume, would have advised accurately, and consequently in the way that he did: but although it be possible that they might have arrived at a different conclusion, yet the interest which Mr. Dobbins may be supposed to have *16 had in the chance of their doing so, is one that cannot be recognised here. Doubts of the title once excited, they would not have bid without having those doubts removed; and we ought not to declare the sale void for professional advice given by -the purchaser, correctly, in good faith, and without,injury to anyone. The cause therefore is to be sent to another jury;. but as Mr. Stevens purchased with an understanding that the legacies were to remain charged, instead of being paid out of the purchase money, the new trial is awarded on terms that he stipulate on the record to satisfy the legacies out of the land, if the plaintiff shall not recover. ■
Judgment of the Circuit Court reversed, and a new trial awarded.